IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES C. WINDING, #K8115                                                    PLAINTIFF

VERSUS                                           CIVIL ACTION NO. 5:08-cv-158-DCB-MTP

JEROLYN M. OWENS,
PAMELA ANDERS FERRINGTON,
KEVIN COLBERT, CRAIG GODBOLD,
DAVID READ AND RONNIE HARPER                                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff James C. Winding, filed this complaint pursuant to 42 U.S.C. § 1983 and sought as relief monetary damages.

The Plaintiff states that Defendants Attorney Jerolyn M. Owens, Public Defender Pamela Anders Ferrington, Public Defender Kevin Colbert, Detective Craig Godbold, Public Defender David Read and District Attorney Ronnie Harper violated the Plaintiff's constitutional right to effective assistance of counsel in his criminal trial and also states that the Defendants conspired against him[1].

Analysis

Title 28 U.S.C. Section 1915(e)(2)[2] "accords judges not only the authority to dismiss a

---

[1] According to the Mississippi Department of Corrections website, Plaintiff Winding has been convicted of kidnaping and sexual battery and was sentenced to thirty years in the Department of Corrections.

[2] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an *in forma pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235 (1991). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992); *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* As discussed below, the Plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against the named Defendants.

    The Plaintiff alleges that his right to effective assistance of counsel was violated and

---

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)    is frivolous or malicious;
        (ii)   fails to state a claim on which relief may be granted; or
        (iii)seeks monetary relief against a defendant who is immune from
           such relief.

that all Defendants conspired against him in causing his conviction.  For the reasons described below, the Plaintiff's claims are precluded by the United States Supreme Court case of *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court addressed whether a claim for monetary damages which essentially challenges a Plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983.  The Supreme Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486-87 (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

The Court must evaluate the claims raised by Plaintiff in his § 1983 petition "to determine whether they challenge the constitutionality of his conviction or sentence." *Boyd*, 31 F.3d at 283.  After considering the complaint, the Court concludes that if a judgment was rendered in favor of the Plaintiff, the validity of his convictions and/or sentences would

3

necessarily be implicated. Plaintiff basically asserts that he was subjected to ineffective assistance of counsel and conspiracy and that if such rights had not been violated, his convictions and/or sentences would have been overturned. Clearly, a judgment in his favor on the claims asserted in his complaint would necessarily call into question the validity of the convictions and/or sentences. Since this § 1983 action calls into question the validity of Plaintiff's convictions and/or sentences and because Plaintiff has failed to demonstrate that his convictions and/or sentences has been invalidated, this Court finds that Plaintiff's complaint should be dismissed with prejudice.[3]

## Conclusion

As discussed above, the Plaintiff has failed to present an arguable constitutional claim in law or fact in order to maintain this particular cause of action against the named Defendants. Consequently, this complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii), with prejudice.

## Three-strikes provision

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike".[4] If the Plaintiff receives "three

---

[3] "Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

[4] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

      A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

      SO ORDERED, this the   23rd   day of April, 2008.


                                          s/ David Bramlette
                              UNITED STATES DISTRICT JUDGE